UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                      Criminal No. 03-107(1) (JNE/SRN)
                                                      ORDER

Laquan Dwayne Carter,

    Defendant.

    A Sixth Superseding Indictment charged Laquan Dwayne Carter with conspiracy to distribute and possess with intent to distribute cocaine base and cocaine (Count 1), conspiracy to possess firearms during and in relation to a drug trafficking crime (Count 2), aiding and abetting distribution of cocaine base (Count 3), and threat to commit a crime of violence (Count 7). In December 2004, a jury found Carter guilty on all counts. In August 2005, the Court sentenced Carter to 405 months' imprisonment on Counts 1 and 3, 240 months' imprisonment on Count 2, and 60 months' imprisonment on Count 7, to be served concurrently. Carter appealed, and the Eighth Circuit affirmed. *United States v. Carter*, 481 F.3d 601 (8th Cir. 2007).

    In August 2012, Carter filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c). Relying on retroactive amendments to the sentencing guidelines in cases involving cocaine base, Carter calculated a guideline range of 210 to 262 months' imprisonment. He asked that his sentence be reduced to 210 months' imprisonment. The government agreed that the retroactive amendments to the sentencing guidelines yielded a guideline range of 210 to 262 months' imprisonment, but it opposed any sentence reduction.

    The Court acknowledges that the retroactive amendments to the sentencing guidelines yield a sentencing range of 210 to 262 months' imprisonment. For the reasons set forth in the government's response to Carter's motion, the sentence originally imposed remains appropriate.

1

Nevertheless, in light of Carter's post-sentencing rehabilitative progress, the Court reduces his sentences on Counts 1 and 3 by 40 months to 365 months' imprisonment on each count. *See United States v. Wiley*, 334 F. App'x 782, 782 (8th Cir. 2009) (per curiam) (stating that a district court has discretion to consider post-sentencing rehabilitative progress when considering § 3582(c)(2) motion); *cf. United States v. Chambliss*, 398 F. App'x 142, 144 (6th Cir. 2010) ("Nothing in § 1B1.10 prevents sentencing courts from reducing a defendant's sentence to a term greater than the amended guideline range but lower than the original sentence."), *cert. denied*, 131 S. Ct. 1531 (2011).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Carter's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c) [Docket No. 527] is GRANTED IN PART and DENIED IN PART.

2. Carter's sentences on Counts 1 and 3 are amended to 365 months' imprisonment on each count, to be served concurrently. All other conditions shall remain in effect.

Dated: September 17, 2012

                                                                                        s/Joan N. Ericksen
                                                                                        JOAN N. ERICKSEN
                                                                                        United States District Judge